IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL M. LACEN-DE-JESUS            '

Petitioner                                        '

     v.                              '      CIVIL 07-1059CCC

UNITED STATES OF AMERICA           '

Respondent                                     '

_____

## OPINION AND ORDER

  Angel M. Lacén-de-Jesús (hereinafter, "Petitioner" or "Lacén") proceeding pro se, has

moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 ("section

2255"). In his motion, Petitioner seeks relief under the provisions of §2255 raising ineffective

assistance of counsel for his attorney's alleged failure to challenge the amount of loss and

restitution imposed by the Court, that his attorney was ineffective by not raising on appeal the

fact that the Government's attorney failed to provide him all the discovery prior to having him

sign the plea agreement, that counsel labored under an impermissible conflict of interest, and

that the sentence was imposed in violation of United States v. Booker, 543 U.S. 220 (2005).

In response, the United States argues that Petitioner's claims are contrary to the record

(docket entry 9). For the following reasons, the Court DENIES his motion.

I. BACKGROUND

  On January 28, 2004, Petitioner was charged, along with nine (9) other codefendants,

in a twelve (12) count Superseding Indictment filed in Criminal No. 03-351HL.  See, Cr. 03-

351HL, docket entry 85.  On June 22, 2004, Petitioner pled guilty pursuant to a Plea

Agreement under Fed.R.Crim.P. 11(c)(1)(B) to the following seven counts:  Count One

Civil No. 07-1018 (CCC)                     2

(Conspiracy to commit credit card fraud, 18 U.S.C. §371), Count Two (Bank Fraud, 18 U.S.C. §1344), Count Four  (Identification fraud - Possession or Transfer of five or more False Documents, 18 U.S.C. §1028 (a)(3)), Count Five (Identification fraud - Possession of False Documents), Count Ten (Identification fraud - Document-making Implements, 18 U.S.C. §1028 (a)(5)), Count Eleven (Access Device fraud - 15 or more devices, 18 U.S.C. §1029 (a)(3), and Count Twelve  (Access Device fraud -Device-making equipment, 18 U.S.C. §1029(a)(4)).  See, Cr. 03-0351HL, Cr. 03-0351, docket entry 263.

According to the Plea Agreement, Petitioner was to be held accountable for fraud and deceit, (U.S.S.G. §2B1.1), which yielded a base offense level of six.  The parties also stipulated to the following guideline adjustments: a fourteen level increase based on a loss in excess of $400,000.00 (U.S.S.G. §2B1.1 (b)(1)(G)); a two level increase as the offense affected between ten (10) and fifty (50) victims (U.S.S.G. §2B1.1(b)(2)(A)); another two level increase as the offense involved the use of sophisticated means (U.S.S.G. §2B1.1(b)(9)); a three level increase as Petitioner's role within the conspiracy was that of a manager or supervisor (U.S.S.G. §3B1.1(b)); and a three level reduction for acceptance of responsibility. The resulting total offense level to which the parties agreed was twenty six (26).  Assuming a Criminal History Category of III, the parties assented to recommend a term of imprisonment of ninety-six (96) months, to be served concurrently with the sentence to be imposed in Criminal No. 04-030HL.  See, Cr. 03-0351HL, docket entry 265.

During the Rule 11 hearing, the district court addressed Petitioner Lacén in open court and inquired, among other things, into whether he understood that he was waiving his constitutional right to trial by jury, with all its appurtenant rights and privileges; whether he had been coerced into accepting the plea agreement; whether he understood that the plea

Civil No. 07-1018 (CCC)                    3

agreement, if approved, would not be binding upon the court and that he would not be allowed to withdraw his guilty plea in light of the sentence imposed; his knowledge of the maximum sentence permitted under the law; his competency to plead; the factual grounds for his guilty plea; and his general understanding of the effects of the sentencing guidelines.

Petitioner was sentenced on November 15, 2004.  (Cr. 03-0351HL, docket entry 360). The Court adopted the Pre-Sentence Report's findings, except that it did not use a further two-level enhancement applied under U.S.S.G. §2B1.1(b)(3) for the offense having involved a theft from the person of another.  The Court did increase the base offense level by four levels under U.S.S.G. §3B1.1(a) because Petitioner admitted to being a leader in the conspiracy, instead of adopting the adjustment of three levels for role in the offense agreed by the parties in their  Plea Agreement.  With an offense level of 27 and a criminal history category of III, the guideline range was 87-108 months.  The Court then sentenced Petitioner to the recommended term of 96 months of imprisonment. It also imposed restitution, pursuant to 18 U.S.C. §3663, in the amount of $462,392.95, to be paid jointly and severally by Petitioner and his convicted co-defendants.  (Cr. 03-0351HL, docket entry 361; Sentencing Hearing Tr. 20-23).

Even though in his plea agreement Petitioner had waived his right to appeal, he directly appealed the final judgment to the United Court of Appeals for the First Circuit, Appeal No. 04-2698.  On appeal, Petitioner challenged his conviction on grounds that his plea was not knowing and voluntary because he was not aware of the Blakely v. Washington, 124 S.Ct. 2531 (2004), and Booker decisions.  He also challenged the restitution order imposed by the Court.  The Court of Appeals affirmed the Petitioner's conviction and sentence, holding that

Civil No. 07-1018 (CCC)                    4

the plea was knowing and voluntary, and that the factual basis for the amount of loss was admitted by Petitioner.

On January 22, 2007, Petitioner filed the instant Section 2255 motion claiming, as noted above, that his counsel was ineffective for failing to challenge the amount of loss and restitution imposed by the Court, that his attorney was also ineffective by not raising on appeal the fact that the Government's attorney failed to provide him all the discovery before entering the plea of guilty, that his counsel labored under an impermissible conflict of interest, and that his sentence was imposed in violation of Booker. We address his claims seriatim.

## II. STANDARD OF REVIEW

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their conviction and sentence vacated, set aside or corrected. The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. Pursuant to section 2255, a prisoner shall be released from custody if the sentence "(1) was imposed in violation of the Constitution or laws of the United States; (2) was imposed by a court lacking jurisdiction; (3) was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack." See 28 U.S.C. §2255. To establish a right to relief under the statute, a prisoner must demonstrate that the sentence has a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300 (1994).

## III. DISCUSSION

Petitioner claims that his attorney was ineffective for having him sign a conditional guilty plea waiving his right to appeal his sentence, that his attorney was ineffective by not timely filing objections to the Presentence Report, that his attorney was ineffective by not

including in his appeal the Government's failure to provide him with discovery regarding the amount of loss which was  relevant to his plea and sentence, that his counsel labored under an impermissible conflict of interest, that he should be resentenced pursuant to Booker, and that he is entitled to an evidentiary hearing.

### A. Evidentiary Hearing

Rule 4 (b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255.  An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  The Court has reviewed all the files, records, transcripts and correspondence filed in the proceeding underlying Petitioner's conviction, as well as the pleadings, briefs, and records filed by the parties in this case.  The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

### B. Challenges to Guilty Plea

Petitioner's argument that counsel allowed him to be held responsible for the total amount of loss is belied by the record.  The Court's ability to consider these claims is affected by Petitioner's entry of a guilty plea.  By pleading guilty Petitioner waived all subsequent nonjurisdictional defects of his conviction.  See Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that

Civil No. 07-1018 (CCC)                    6

occurred prior to the entry of the guilty plea"); <u>United States v. Martínez-Martínez</u>, 69 F.3d
1215, 1224 (1st Cir.1995).

"[A] guilty plea represents a break in the chain of events which has preceded it in the
criminal process. When a criminal defendant has solemnly admitted in open court that he is
in fact guilty of the offense with which he is charged, he may not thereafter raise independent
claims relating to the deprivation of constitutional rights that occurred prior to the entry of the
guilty plea." <u>Tollet</u>, 411 U.S. at 267.  After a conviction based on a guilty plea has become
final, such as in Petitioner Lacén's case, a Petitioner may challenge only the knowing and
voluntary nature of the plea, unless the record demonstrates that the district court lacked the
power to enter the conviction or impose the sentence.  <u>United States v. Broce</u>, 488 U.S. 563,
109 S.Ct. 757, 102 L.Ed2d 927 (1989).

When Petitioner Lacén entered his guilty plea, he waived all but jurisdictional claims
up to the time of the plea.  <u>Tollet</u>, 411 U.S. at 266-67.  In this case, Petitioner Lacén admitted
the crimes as charged in the Superseding Indictment knowingly, voluntarily and intelligently.
The Court found that Petitioner was fully competent and capable of entering an informed plea
and that his plea was a knowing and voluntary one supported by an independent basis in fact
containing all the essential elements of the offenses charged in the Superseding Indictment
he pled guilty to.  (Change of Plea Transcript, hereinafter "C.O.P. Tr." 28).

Petitioner's assertion that his attorney failed to explain his rights and that he had no
knowledge or understanding of the rights he waived is contradicted by the record.  Petitioner
Lacen signed a plea agreement which listed the offenses to which he was pleading guilty and
outlined the constitutional rights he was waiving by entering a plea.  (Plea agreement ¶ 17;
Cr. 03-0351, docket entry 36).  Among the offenses contained in the signed plea agreement

was Count Two which stated that Petitioner Lacén did knowingly execute and attempt to execute a scheme to defraud a number of financial institutions to obtain moneys and funds in excess of four hundred thousand dollars ($400,000.00), owned by and under the custody of these financial institutions by means of fraud and fraudulent pretenses, representations and promises.  (Plea agreement ¶ 2; Cr. 03-0351, docket entry 36).  The stipulated version of the facts which he admitted through his signature stated in part:  "Angel Lacén De-Jesús, served as a 'co-leader' for an organization involved in a scheme to defraud federally-insured financial institutions, in excess of four hundred thousand dollars ($400,000.00), through the use of counterfeit and unauthorized access devices and matching false identification documents." (Plea agreement, Stipulated Version of the Facts; Cr. 03-0351, docket entry 36).  The record also establishes that Petitioner signed a statement in the Plea Agreement acknowledging that he had opportunity to read and go over the plea agreement with counsel, that he understood the plea agreement and that his plea was a voluntary act on his part.  (Plea agreement; Cr. 03-0351, docket entry 36).

The transcript of the change of plea hearing establishes that any questions about the terms of the Plea Agreement were clearly and directly answered by the Court at the hearing. "The purpose of a plea colloquy is to protect the defendant from an unintelligent or involuntary plea."  Mitchell v. United States, 526 U.S. 314, 322, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999). "Ordinarily, a defendant is stuck with the representations that he himself makes in open court at the time of the plea."  United States v. Butt, 731 F.2d 75, 80 (1st cir. 1984).  During the plea colloquy, the Court explained the nature of the charges set forth in the Superseding Indictment to which he was offering to plead guilty, and the Petitioner indicated that he understood them (C.O.P. Tr. 7-14).  He also answered in the affirmative when asked if he was

Civil No. 07-1018 (CCC)                 8

satisfied with his lawyer (C.O.P. Tr. 4).   The Court asked if he had gone over the plea

agreement with his counsel page by page, paragraph by paragraph.   He answered in the

affirmative. (C.O.P. Tr. 7).   As to Count Two, the following exchange occurred between the

Court and Petitioner:

> THE COURT: Count two charges you with that through December 2002 until
> November 2003, while aiding and abetting others, you knowingly execute and
> attempt to execute a scheme to defraud Banco Popular de Puerto Rico,
> Citibank, MBNA, Scotia Bank, Wachovia Bank, Bank One, Banco Santander,
> Banco Bilbao Vizcaya and First Bank, which are insured financial institutions,
> and to obtain monies and funds in excess of $400,000, owned by and under the
> custody of said financial institutions, by means of false and fraudulent
> pretenses, representations and promises.
>
> Is that the Count two that you wish to plead guilty to?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you have any doubts as to what this count means?
>
> THE DEFENDANT: No, sir.

(C.O.P. Tr. 9).

Additionally, when covering the sentencing guidelines calculations, the Court made

reference to the losses over $400,000.00 which Petitioner Lacén admitted as recorded in this

exchange:

> THE COURT: Then because of specific offense characteristics, that is, losses
> of over $400,000, you have a 14 level enhancement. Is that so?
>
> THE DEFENDANT: Yes, sir.

(C.O.P. Tr. 15).

When summarizing the version of facts, the Assistant United States Attorney (A.U.S.A.)

emphasized that Petitioner was a co-leader of an organization which sought to "defraud

federally insured financial institutions in excess of $400,000 by the use (sic) unauthorized

Civil No. 07-1018 (CCC)                    9

access devices and matching false identification documents." (C.O.P. Tr. 24).  Further ahead, the A.U.S.A. stated  that "the federally insured financial institutions, the banks listed in the superseding indictment, received actual losses in excess of $400,000 because of the acts of this Defendant and his co-conspirators." (C.O.P. Tr. 26.)  Shortly after, counsel for Petitioner interrupted the A.U.S.A. by saying:

> MR. ACEVEDO: "[A]ll the overt acts that are in the stipulated version of facts are the same that are charged in the indictment.  I have discussed them with my client several times in the past three or four months.  He knows them.  He has signed it.  I don't think there's a need to read all of them into the record again.  It's the same acts charged in the indictment, an we have thoroughly discussed that.

> THE COURT: Mr. Lacén, do you agree with your counsel's statement?

> THE DEFENDANT: Yes, sir.

(C.O.P. Tr. 27).

In sum, Petitioner Lacén told the Court during the plea hearing that he had read and signed the plea agreement and that he understood it.  Indeed, there was nothing difficult or confusing about the language in the plea agreement to suggest that Petitioner Lacén might not have understood the consequences of his plea agreement.  During the change of plea hearing he repeatedly conceded that the amount of loss exceeded four hundred thousand dollars.  Petitioner has presented no evidence in his motion to overcome the presumption of veracity accorded to his Rule 11 colloquy statements that he did not know the scope of the actual stipulated loss.  Thus, Petitioner's challenges to his guilty plea are without merit and are dismissed.

### C. Waiver of Appeal and Claims on Appeal

Civil No. 07-1018 (CCC)                    10

Petitioner has also claimed that his attorney was ineffective for having him sign a conditional guilty plea waiving his right to appeal the sentence.  It is true that the Plea Agreement that Petitioner signed contained a waiver of appeal which read as follows:  "The defendant hereby agrees that if his Honorable Court accepts this agreement and sentences him according to its terms and conditions, defendant waives and surrenders his right to appeal the judgment and sentence in this case."   (Plea agreement ¶ 22; Cr. 03-0351HL, docket entry 36).  The Court expressly asked Petitioner during the change of plea hearing:  "[y]ou also agree that should the Court accept this Plea Agreement and sentence you according to its terms and conditions, then you waive and surrender your right to appeal the judgment and sentence in this case.  Is that correct?"  The defendant answered "[y]es, sir." (C.P.O. Tr. 20-21.)  Thus, defendant was fully cognizant of this waiver clause and accepted it.

In any event, there was no prejudice to defendant by accepting the waiver of appeal clause as, notwithstanding the plea agreement's waiver of the right to appeal, Petitioner did file an appeal and challenged the imposition of restitution and the knowing and voluntary nature of the plea.  Petitioner also raised a <u>Blakely</u> and <u>Booker</u> argument.   All these arguments were considered and rejected on appeal:

> The government's request for summary judgment disposition is granted.  <u>United States v. Sahlin</u>, 399 F.3d 27, 31 (1st Cir. 2005), we must reject appellant's argument that his plea was not knowing and voluntary because he was unaware of the impending decisions in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), and <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). An unanticipated change in the law is a risk accompanying any guilty plea.
>
> We see no clear error in the fact-findings supporting the court's restitution order nor do we see its imposition as abuse of discretion.  See <u>United States v. Prochner</u>, 417 F.3d 54, 65-66 (1st Cir. 2005).  The factual basis for the amount of loss was admitted by appellant both in his plea agreement and at his change of plea hearing.  The plea

Civil No. 07-1018 (CCC)                    11

agreement took no position on restitution and, in any case, the court was not a party to the plea agreement.  The court followed the parties' recommendation as far as the term of imprisonment and then imposed the order of restitution as he had the discretion to do under 18 U.S.C. §3663.  The judgment is affirmed.  See 1st Cir. R. 27(c).

United States v. Lacén-De-Jesús, Appeal No. 04-2698 (1st Cir. November 17, 2005).

### D. Resentencing under Booker

As to defendant's claim that he should be resentenced  pursuant to Booker, that is an issue that was already addressed by the Court of Appeals when it noted that "[a]n unanticipated change in the law is a risk accompanying any guilty plea."  It is well settled in this Circuit that a prisoner may not use a Section 2255 Petition to relitigate questions that were raised and considered on direct appeal.  Issues presented and resolved by a prior appeal will not be reviewed again by way of a §2255 motion.  Murchu v. U.S., 926 F.2d 50, 55 (1st Cir. 1991).

But even if were to address on the merits Petitioner's claim that he has to be resentenced under Booker, the same is vapid.  In a Booker context, a defendant who had been sentenced under the previous mandatory Guidelines system must demonstrate a reasonable probability that he would have received a more lenient sentence under an advisory Guidelines scheme.  United States v. Matos, 531 F.3d 121, 122 (1st Cir. 2008). Defendant has utterly failed to make that showing.  Nothing in the record indicates that the sentencing judge would have imposed a lower sentence if the Guidelines had been advisory at the time.  Quite to the contrary, the record reveals that defendant was sentenced precisely to the term negotiated with the government, which fell at the middle of the applicable guideline range.  Cf. United States v. Mateo-Espejo, 426 F.3d 508, 513-14 (1st Cir. 2005) (sentencing court's reluctance to sentence defendant at lower end of mandatory Sentencing Guidelines

Civil No. 07-1018 (CCC)                    12

range suggested lack of reasonable probability that defendant would have received lesser sentence under advisory regime.)    Thus, Petitioner is not entitled to relief by way of his section § 2255 motion on this issue either.

### E. Discovery

Petitioner also complains that counsel failed to raise on appeal the fact that discovery as to the amount of losses had not been properly provided.  But the record shows, as observed by the Court of Appeals, that the amount of loss was admitted by Petitioner in his plea agreement and at the change of plea hearing.  This claim is also meritless.

### F. Conflict of Interest

Petitioner's final claim is that his counsel was ineffective because his representation was infected by a conflict of interest.  He relies solely on his allegation that counsel failed to raise the issue of the amount actually lost by the financial institutions with certified copies from the banks or other institutions.  This, however, is not a conflict of interest claim and, furthermore, is belied by the record.  Again, a review of the change of plea and sentencing hearing transcripts reveal that his counsel vigorously defended him throughout the course of Petitioner's criminal proceedings.  Petitioner has failed to demonstrate that an actual conflict of interest existed that adversely affected his counsel's performance.  Accordingly, petitioner has failed to demonstrate that his counsel was ineffective on this ground too.

## IV. CONCLUSION

None of the complaints raised by Petitioner demonstrate that counsel's representation was defective.  Thus, the Court concludes that Petitioner's ineffective assistance claim is without merit.  Similarly, all his other claims for relief are baseless.  The files and records in

Civil No. 07-1018 (CCC)                        13

this case conclusively show that the Defendant is entitled to no relief under §2255, and that

no evidentiary hearing is required to resolve the merits of the pending motion.

Accordingly, and for the reasons stated, the Court concludes that Petitioner Angel

Lacén-de-Jesús is not entitled to federal habeas relief on the claims presented.  Petitioner's

request for habeas relief under 28 U.S.C. §2255 (**docket entry 1**) is, therefore, DENIED,

and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (**docket**

**entry 1**) is DISMISSED WITH PREJUDICE.

SO ORDERED.

At San Juan, Puerto Rico, on February 26, 2009.


S/CARMEN CONSUELO CEREZO
United States District Judge